IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY T. DAN,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL W. JENSEN, KIMBERLY M. PANKONIN, RICHARD P. MCGOWAN, A AND E, T.V. channel Network; JOSEPH L. HOWARD, MARCENA M. HENDRIX, KEVIN J. SLIMP, T. TOELLE, T. SHOEMAKER, DONNA R. PETERSON, DEBRA JANING, WENDY A. WUSSOW, DOUGLAS J. PETERSON, AUSTIN N. RELPH, and STATE OF NEBRASKA,<br><br>        Defendants. | 8:24CV408<br><br>**MEMORANDUM AND ORDER** |

      The matter is before the Court on a complaint filed pursuant to 42 U.S.C. § 1983 and under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), by Plaintiff Anthony T. Dan ("Plaintiff"), a prisoner proceeding in forma pauperis,[1] on October 18, 2024 (the "Complaint"). Filing No. 1. An initial review of the Complaint must be conducted by this Court to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

      For the reasons set forth below, this Court finds that summary dismissal of the Complaint is appropriate due to a multitude of pleading deficiencies. However, in lieu of dismissal this Court shall grant Plaintiff leave to file an amended complaint in accordance with the terms of this Memorandum and Order.

---

[1] *See* Filing No. 9 (granting leave to proceed in forma pauperis).

## I. SUMMARY OF COMPLAINT

As it stands, Plaintiff's Complaint, Filing No. 1, is incomprehensible. Plaintiff sues Douglas County Judges Kimberly M. Pankonin ("Pakonin") and Marcena M. Hendrix ("Hendrix"), Douglas County Prosecutors Michael W. Jensen ("Jensen") and Kevin J. Slimp ("Slimp"), private attorneys Richard P. McGowan ("McGowan") and Joseph L. Howard ("Howard"), the "A and E, T.V. channel Network" ("A&E"), Omaha Police Officers T. Toelle ("Toelle"), Debra Janing ("Janing"), and T. Shoemaker ("Shoemaker"), Douglas County Court Clerk Donna R. Peterson ("Donna Peterson"), Nebraska Supreme Court Clerk Wendy A. Wussow ("Wussow"), Attorney General Douglas J. Peterson ("Douglas Peterson"), and Assistant Attorney General Austin N. Relph ("Relph") in their individual capacities. *Id.* at 2–8. He alleges claims arising under the Sixth and Eighth Amendments as well as state law defamation of character claims. *Id.* at 3.

In support of his allegations that each defendant was acting under color of law, his statement of claim, and facts in support, Plaintiff simply states the following: "This is a [sic] outside complaint that is being filed. Please see attached [d]ocuments." *Id.* at 9–10. He then attaches almost 100 pages of documents filed in state cases, as well as letters and other correspondence which also appear to relate to state court matters and potentially several actions filed in this Court[2] by Plaintiff. *Id.* at 17–118.

Plaintiff alleges his injuries consist of "medical treatment and current health issues, [b]ullet in spine," referencing Case No. 8:23-cv-532. *Id.* at 10. Plaintiff's stated relief is

---

[2] Plaintiff references Case Numbers 8:20-cv-283 and 8:23-cv-532 in his Complaint as potentially related. *See* Filing No. 1 at 14–15.

"$198 million dollars, and plus 10 full years and 7 months of loss of SSI wages and [b]enefits claims, and monetary punitive damage claims, and monetary damage claims." *Id.*

## II. INITIAL REVIEW STANDARD

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.* at 849 (internal quotation marks and citations omitted).

3

### III. DISCUSSION

Plaintiff's Complaint suffers from extreme pleading deficiencies, which if unaddressed, require its dismissal.

Plaintiff brings his claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Filing No. 1 at 3. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

Here, as an initial matter, it does not appear that any of the named defendants, from their description provided by Plaintiff, are or were acting under color of federal law. As such, any *Bivens* claim must fail. Indeed, is wholly unclear how defendant A&E has acted under color of law at all. Moreover, it does not appear Plaintiff's own counsel McGowan and Howard are or were acting under color of law. The conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law. *See DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). Instead, a § 1983 claim potentially may be brought against a public defender, or any other private individual, but only if he or she conspires with a state actor to deprive an individual of a federally-protected right." *Longs v. McManaman*, No. 4:18CV3161, 2019 WL 2717714, at *4 (D. Neb. June 28, 2019) (citing *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988)). "The

4

actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim." *Dunn v. Hackworth,* 628 F.2d 1111, 1112 (8th Cir. 1980). And finally, to the extent Plaintiff complains of actions taken by Judges Pakonin and Hendrix while they had jurisdiction over Plaintiff, they are absolutely immune from suit here. *Huff v. City of Brookings Police Dep't*, No. 4:22-CV-4020-LLP, 2022 WL 2528255, at *3 (D.S.D. July 6, 2022) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him.")).

All of these deficiencies, however, are relatively inconsequential in consideration of the complete lack of factual allegations in the Complaint. Although complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Here, Plaintiff's Complaint fails to meet this minimal pleading standard, as the Court cannot discern any cognizable claim for relief as the Complaint lacks any information for this Court to determine the subject matter of the claim, the time frame in which the events occurred, or the parties involved. While Plaintiff attaches over 100

pages of documents to his Complaint which this Court presumes are intended to support his claims, the Court shall not parse through 100 pages of documents to determine if anything mentioned in any of them can potentially support a claim in this Court.

As such, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against the Defendants. *Plaintiff should be mindful to clearly identify each of the Defendants, explain what each Defendant did to him, when each Defendant did it, how each Defendant's actions harmed him, what specific legal right or rights Plaintiff believes each Defendant violated, and the jurisdictional basis for this Court to review his claim(s).* If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, all claims against all Defendants will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

Accordingly,

IT IS ORDERED:

1. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, his claims against Defendants will be dismissed without further notice.

2. The Clerk's Office is directed to send to Plaintiff a copy of the prisoner civil complaint form.

3. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **March 27, 2025:** Check for amended complaint.

4. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 25th day of February, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court