IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY T. DAN, | |
| Plaintiff, | 8:24CV408 |
| vs. | |
| MICHAEL W. JENSEN, KIMBERLY M. PANKONIN, RICHARD P. MCGOWAN, A AND E, T.V. channel Network; JOSEPH L. HOWARD, MARCENA M. HENDRIX, KEVIN J. SLIMP, T. TOELLE, T. SHOEMAKER, DONNA R. PETERSON, DEBRA JANING, WENDY A. WUSSOW, DOUGLAS J. PETERSON, AUSTIN N. RELPH, and STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Defendants. | |

The matter is before the Court on an Amended Complaint filed on March 12, 2025, pursuant to 42 U.S.C. § 1983 by Plaintiff Anthony T. Dan ("Plaintiff"), a prisoner proceeding in forma pauperis[1] (the "Amended Complaint"). Filing No. 13. The Amended Complaint was filed after this Court found his October 18, 2024, Complaint (the "Initial Complaint"), Filing No. 1, was subject to dismissal without amendment under 28 U.S.C. §§ 1915(e) and 1915A (the "Initial Review"), Filing No. 12. Before this Court is also a motion seeking the issuance of an arrest warrant filed by Plaintiff on June 9, 2025, Filing No. 14, which shall be denied as Plaintiff has no constitutional right to an investigation or to the issuance of an arrest warrant. See Scott v. Texas, No. 4:10-CV-2086-SNLJ, 2011 WL 13616, at *1 (E.D. Mo. Jan. 4, 2011).

---

[1] See Filing No. 9 (granting leave to proceed in forma pauperis).

This Court now proceeds to review the Amended Complaint under 28 U.S.C. §§ 1915(e) and 1915A, and, for the reasons that follow, this Court determines that summary dismissal is appropriate as the majority of the defendants are immune from suit and claims against the remaining defendants are unsupported by any factual allegations which would allow this Court to determine if they may proceed. As such, and as Plaintiff was previously given the opportunity to address his pleading deficiencies and failed to do so, all immune defendants shall be dismissed with prejudice, and the remainder of Plaintiff's Amended Complaint including all remaining defendants and claims against them shall be dismissed without prejudice.

## I.  SUMMARY OF COMPLAINT

Plaintiff sues the same defendants—Douglas County Judges Kimberly M. Pankonin ("Pankonin") and Marcena M. Hendrix ("Hendrix"), Douglas County Prosecutors Michael W. Jensen ("Jensen") and Kevin J. Slimp ("Slimp"), private attorneys Richard P. McGowan ("McGowan") and Joseph L. Howard ("Howard"), the "A and E, T.V. channel Network" ("A&E"), Omaha Police Officers T. Toelle ("Toelle"), Debra Janing ("Janing"), and T. Shoemaker ("Shoemaker"), Douglas County Court Clerk Donna R. Peterson ("Donna Peterson"), Nebraska Supreme Court Clerk Wendy A. Wussow ("Wussow"), former Attorney General Douglas J. Peterson ("Douglas Peterson"), and Assistant Attorney General Austin N. Relph ("Relph")—in his Amended Complaint, Filing No. 13, as in his Initial Complaint. *Compare* Filing No. 1 at 2-8 *with* Filing No. 13 at 2-8. He now alleges claims against all defendants in their individual capacities arising under the Fifth, Sixth, Eighth, and Fourteenth Amendments as well as state law defamation of character claims. Filing No. 13 at 2-8.

Plaintiff alleges his injuries consist of "bullet in spine injury/shot, gun shot wound in spine." Filing No. 13 at 10. As relief Plaintiff seeks both monetary damages and release from incarceration. Id.

## II.  INITIAL REVIEW STANDARD

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## III.  DISCUSSION

Plaintiff's Amended Complaint still suffers from extreme pleading deficiencies, as did his Initial Complaint.

In his Initial Complaint, Plaintiff brought claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which he no longer pursues, *compare* Filing No. 1 at 3 *with* Filing No. 13 at 3, following this Court's determination that none of the named defendants, from their description provided by Plaintiff, are or were acting under color of federal law, *see* Filing No. 12 at 4.  Plaintiff's

dropping of his *Bivens* action, however, is where Plaintiff's attempts at compliance with the Initial Review Memorandum and Order appears to end.

Although this Court also pointed out in the Initial Review that attorney defendants McGowan and Howard did not appear to be acting under color of law, as required by 42 § U.S.C. 1983, and as such they would be dismissed from this case without facts establishing they were, *see* Filing No. 12 at 4, Plaintiff continues to name them as defendants in his Amended Complaint without any explanation as to how they could meet the color of law standard, *see* Filing No. 13 at 17-19. Instead, Plaintiff alleges what appear to be claims challenging his conviction(s) and sentence(s) (e.g. ineffective assistance of counsel and due process), *see id.*, which must be brought under 28 U.S.C. § 2254. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963); *see also*, *Jones v. Jerrison*, 20 F.3d 849, 852 n. 2 (8th Cir. 1994); *United States v. Tunstall*, 17 F.3d 245, 246 n. 3 (8th Cir. 1994). Plaintiff also alleges that McGowan and Howard are liable for alleged Eighth Amendment cruel and unusual punishment occurring while Plaintiff is incarcerated. However, their representation of Plaintiff in matters resulting in his incarceration does not render them responsible for claims relating to conditions of confinement. For these reasons, McGowan and Howard shall be dismissed from this suit without prejudice.

Plaintiff also continues to name A&E as a defendant but fails to allege any basis for finding their actions were under color of law, instead alleging A&E slandered his name and disseminated false and misleading information about him when it aired the television show Road Wars on March 19, 2024. Filing No. 13 at 22. As Petitioner makes no connection between A&E and any government agency, nevertheless that A&E was acting

4

under government authority when airing Road Wars, defendant A&E shall also be dismissed from this suit without prejudice.

Plaintiff also continues to bring claims against Judges Pankonin and Hendrix while they had jurisdiction over Plaintiff, even though this Court previously noted they are absolutely immune from suit. *See* Filing No. 12 at 5 (citing *Huff v. City of Brookings Police Dep't*, No. 4:22-CV-4020-LLP, 2022 WL 2528255, at *3 (D.S.D. July 6, 2022); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). As the claims against Judges Pankonin and Hendrix in the Amended Complaint still arise from actions while they had jurisdiction over Plaintiff, they are dismissed from this suit with prejudice as they are absolutely immune.

Plaintiff also names Douglas County Prosecutors Jensen and Slimp as defendants, but because Plaintiff is suing Jensen and Slimp in their prosecutorial capacities, they also enjoy absolute immunity from suit. *Welch v. Staggs*, No. 8:24CV239, 2025 WL 402010, at *3 (D. Neb. Feb. 5, 2025); *see also Burns v. Reed*, 500 U.S. 478 (1991). To the extent Plaintiff seeks to challenge his conviction and sentence (which in part appears to be due to Jensen's and Slimp's alleged "prosecutorial misconduct" which Plaintiff argues relates (somehow) to a "double jeopardy" violation in one of Plaintiff's prior criminal cases), such claims cannot proceed under §1983 and must be brought pursuant to 28 U.S.C. § 2254, as previously noted.

Plaintiff also brings claims against court clerks Wussow for failing to file several motions/pleadings into cases when he was a pro se litigant in 2022, and Donna Peterson for failing to provide him timely updates on an appeal. Filing No. 13 at 21. Wussow and Peterson are also absolutely immune from suit in these circumstances so they shall be dismissed from this suit with prejudice. *Boyer v. County of Washington*, 971 F.2d 100,

5

101 (8th Cir.1992) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction.") (internal quotations marks and citation omitted); see also Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir.1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); Davis v. McAteer, 431 F.2d 81, 82 (8th Cir.1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity). Plaintiff's claims against Attorney General Douglas Peterson, and Assistant Attorney General Relph, see Filing No. 13 at 21-22, must also be dismissed as Peterson and Relph are also immune from suit for allegedly failing to investigate Plaintiff's double jeopardy claims.[2]

This leaves the only remaining claims against Omaha Police Officers Toelle, Shoemaker, and Janing. Plaintiff concludes that Toelle and Janing "violated [his] 8th [A]mendment rights, cruel and unusual punishment of false imprisonment, and she is also in violation of my 14th [A]mendment rights of due process and equal protection, and violation of my due diligence as well, in case No. CR 19-4641." Filing No. 13 at 20. And that Toelle and Shoemaker "lied about the date, time, and location of my arrest warrant." Id.

---

[2] While there is some question whether attorney generals and their staff are immune from suit when acting in an investigatory capacity as opposed to when they act in their quasi-judicial capacities to which immunity attaches, see Wilhelm v. Turner, 298 F. Supp. 1335, 1338 (S.D. Iowa 1969), aff'd, 431 F.2d 177 (8th Cir. 1970), here Plaintiff contends that Peterson and Relph *failed* to investigate.

6

To the extent Plaintiff challenges his conviction and/or sentence via his allegations relating to an arrest warrant, again, 28 U.S.C. § 2254 not §1983 is the appropriate vehicle in which to do so. And, even if Plaintiff's Eighth Amendment cruel and unusual punishment claims were proper, Plaintiff's conclusory statements that some sort of violation has occurred wholly fails to meet the pleading standards required for these claims to proceed.

As previously noted in the Initial Review, "Federal Rule of Civil Procedure 8 requires that every complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief'" and must state enough information to provide a defendant fair notice regarding what the claim is and the grounds upon which it rests. Filing No. 12 at 5 (citations omitted). Plaintiff's Amended Complaint fails to meet this minimal pleading standard, as the Court cannot discern any cognizable claim for relief and Plaintiff simply alleges in conclusory fashion that constitutional violations have occurred and defendants Toelle, Shoemaker, and Janing are responsible without any supporting facts. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet Rule 8 pleading standards. *Wit v. City of Lincoln, Nebraska*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing *Iqbal*, 556 U.S. at 678).

Ultimately, although Plaintiff was instructed in the Initial Review to "*clearly identify each of the Defendants, explain what each Defendant did to him, when each Defendant did it, how each Defendant's actions harmed him, what specific legal right or rights Plaintiff believes each Defendant violated, and the jurisdictional basis for this Court to review his claim(s),*" see Filing No. 12 at 6 (emphasis in original), the only information this Court can ascertain from the Amended Complaint is that Toelle, Shoemaker, and Janing were

7

somehow involved in the issuance of some kind of warrant, and that they did something to Plaintiff (maybe related to the arrest warrant, but perhaps not), that Plaintiff claims resulted in Eighth and Fourteenth Amendment violations. This Court shall not guess as to what Toelle, Shoemaker, and Janing did which may or may not provide a basis for Eighth and Fourteenth Amendment violations, nor shall Plaintiff be given another chance to provide one.

Accordingly,

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion seeking issuance of an arrest warrant, Filing No. 14, is denied.

2. Defendants Judge Kimberly M. Pankonin, Judge Marcena M. Hendrix, Douglas County Prosecutors Michael W. Jensen and Kevin J. Slimp, Attorney Generals Douglas Peterson and Austin Relph, and court clerks Wendy A. Wussow and Donna Peterson are dismissed from this suit with prejudice.

3. All claims and all remaining defendants in Plaintiffs' Amended Complaint, Filing No. 13, are dismissed without prejudice.

4. The Court will enter a separate judgment consistent with this order.

5. The Clerk of the Court is directed to send Plaintiff the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody") and the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") to the extent Plaintiff wishes to file a new action attacking his conviction and/or sentence under 28 U.S.C. § 2254.

Dated this 15th day of August, 2025.

BY THE COURT:

Joseph F. Bataillon  
Senior United States District Court